Commissioner of Public Welfare of the City of New York (Madeline Eilenstein, Complainant), Respondent, v. Bertram Bredlik, Appellant.

Order of filiation of the Court of Special Sessions affirmed, without costs. No opinion. Lazansky, P. J., Kapper, Seeger and Carswell, JJ., concur; Scudder, J., dissents, with the following memorandum:

Scudder, J. (dissenting): I think the order should be reversed and the defendant discharged. The testimony of the complainant is unworthy of belief, and this is likewise so of her mother's. In addition, her story is controverted by her own letters.

The complainant is a girl of seventeen years; the defendant, a boy of eighteen years. The child was born on November 12, 1927. It weighed around five pounds. The complainant fixes the date of her first intercourse with the defendant as on February 25, 26 or 27, 1927; she could not remember which. The occurrence was in her own home, and up to that time she says she was pure. She says the act occurred a second time in April, and a third time in October. She complains of but three acts. Unequivocally complainant testified that she never told defendant that she was pregnant; that she did not know it herself; that she did not have any symptoms up to the moment the baby was born, and that she and her mother occupied the same bed every night. The mother, a practical nurse of eight years' experience, testified that she occupied the same bed with her daughter; that during the period of her daughter's pregnancy the daughter dressed and undressed in her mother's presence, but not always; that she did not know the daughter was pregnant, and that the daughter's abdomen was not distended. Here we have two women living together in most intimate relationship, and both contending that up to the very moment of the birth of the child neither of them knew of the pregnancy. Is such testimony believable? There is no question that this boy and girl were on friendly terms. He was in high school; his character was not impeached. A welfare worker among boys, and a director of a boys' club, knew defendant and testified that his reputation for veracity was the very best. Needless to say, the boy denied the accusations against him. That, of course, would be expected, whether innocent or guilty, but the truthfulness of the boy's testimony seems to me to be clearly shown by the letters written to him by the complainant and read in evidence. It will be borne in mind that the act which could in the circumstances have resulted in the pregnancy took place, according to the complainant, on February 25, 26 or 27, 1927. She did not remember the exact date. On February 14, 1927, she wrote the defendant that he had broken her heart by saying that he could not see her for three weeks. If this be taken literally, their next meeting would have been carried over to March seventh. But she wrote him again on February twenty-fourth, and this was followed by another letter of February twenty-seventh, referring in both letters to his being ill, and expressing solicitude. It does not seem to me probable that the defendant could have been with her on the twenty-seventh, in light of the context of her letter to him of that date; and the context of that letter, as well as the context of her letter of February twenty-fourth, does not justify the conclusion that between these dates he was intimate with her, as she testifies. Evidence of disinterested witnesses, even the admission of the mother of the complainant, showed that the girl went out with other men. As I read the record, it seems to me that the trial became very "routine." I think the order should be reversed, the proceeding dismissed, and the defendant discharged from custody.